UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID A. SILVIA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 21-cv-486-JJM-PAS |
| | : | |
| PROVIDENCE VA MEDICAL , | : | |
| CENTER and DEPARTMENT OF | : | |
| VETERANS AFFAIRS, OFFICE OF | : | |
| GENERAL COUNSEL, | : | |
|     Defendants. | | |

**ORDER**

Now pending before the Court are four motions: Plaintiff's Memorandum to the Court to Address Subpoena (ECF No. 19); Defendants' Motion for Substitution of the United States and Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Amended Complaint (ECF No. 21); Plaintiff's Motion to Address Subpoena Addressed to NE Healthcare (ECF No. 23); and Defendants' Motion to Quash Plaintiff's Subpoena (ECF No. 24).  Plaintiff has objected to both of Defendants' motions.  Defendants' opposition to Plaintiff's motions is set out in its motion to quash.

This Order first addresses ECF Nos. 19 and 23, which pertain to a subpoena duces tecum directed to a physician at the "VA New England Healthcare System" that issued on January 20, 2022.  See ECF No. 24-1 at 3.  In ECF No. 23, Plaintiff requests that the Court reissue the subpoena under the signature of a District Judge, rather than by the Clerk of Court because, he claims, the individual to whom the subpoena is directed has ignored it.  That aspect of Plaintiff's motion is DENIED.  The Federal Rules of Civil Procedure require that such a subpoena "must" be issued by the Clerk of Court.  Fed. R. Civ. P. 45(a)(3).  In ECF Nos. 19 and 23, Plaintiff also asks the Court to "intervene to move requested information along" and moves to compel

production of documents requested by the subpoena. ECF No. 19 at 1; see ECF No. 23 at 1. These motions are DENIED as premature. First, Plaintiff has not shown proof of service. Fed. R. Civ. P. 45(b)(4). Second, the subpoena in question appears to have requested that documents be produced on the same day that the subpoena issued. See ECF No. 24-1 at 3. Therefore, it is in breach of Plaintiff's obligation to "take reasonable steps to avoid imposing undue burden." Fed. R. Civ. P. 45(d)(1). Third, and most important, the subpoena amounts to the premature initiation of discovery (Defendants have not even responded to the Amended Complaint) and I find no good cause for expedited discovery. See Fed. R. Civ. P. 26(d)(1) ("[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").

Also pertaining to the same subpoena duces tecum is ECF No. 24, in which Defendants have moved to quash the subpoena for substantially the same reasons. To that extent, the motion to quash is GRANTED without prejudice to the subpoena being reissued to seek production of documents that are relevant to this case, at a time and in a manner (with respect to the burden imposed on the entity on which it is served) that is in compliance with the applicable Rules.

Defendants have also moved to quash because the subpoena seeks documents that are relevant only to a case that has been dismissed (Silvia v. Dunican, No. 21-cv-472JJM, appeal docketed, No. 22-1040 (1st Cir. Jan. 20, 2022)). ECF No. 24 at 2, 4. Plaintiff agrees that the subpoena sought only documents related to his request for a mobility scooter as a benefit to which he alleges he is entitled as a veteran, which is the claim that was dismissed in No. 21-cv-472JJM. ECF No. 25 at 1-2, 5. Defendants' motion to extend (ECF No. 21) indicates that Plaintiff added the dismissed claim in No. 21-cv-472JJM to this case when he filed his Amended Complaint; they advise the Court that they intend to move to dismiss that claim. In light of this representation and in light of the reality that the Amended Complaint is not yet answered, the

Court cannot yet determine what are the claims and defenses in issue. Therefore, it is premature for the Court to assess the relevancy of the documents sought by the subpoena. Nor can the Court ascertain whether the person/entity to whom the subpoena is addressed is actually a party with the obligation to make initial disclosures and to respond to document discovery pursuant to Fed. R. Civ. P. 26(a)(1) & 34. For these reasons, Defendants' motion to quash based on relevancy is DENIED without prejudice as premature.

The final motion is ECF No. 21. In it, Defendants ask the Court to extend their time to answer or otherwise respond to the Amended Complaint to March 26, 2022. For good cause, they point to the likelihood of a motion to dismiss the claim that was dismissed in Silvia v. Dunican, No. 21-cv-472JJM, appeal docketed, No. 22-1040 (1st Cir. Jan. 20, 2022). This aspect of the motion is GRANTED; Defendants' responsive pleading is due on March 26, 2022.

More complex is Defendants' motion to substitute the United States as the sole proper Defendant under the Federal Tort Claim Act ("FTCA"). It is not clear whether the FTCA is the statutory foundation for Plaintiff's claim that he was wrongfully denied a mobility scooter nor does the motion address whether or why Plaintiff's other claims arise under FTCA. Nor it is clear whether the claim regarding the denial of veterans' benefits (or any other claims) will survive a motion to dismiss. Therefore, the Court declines to act on that aspect of Defendants' motion at this time; it is DENIED without prejudice. Defendants are free to move to substitute the United States as the Defendant in this matter as soon as they deem appropriate, including (if FTCA requires it) by way of an immediate motion for reconsideration. When and if they do, Defendants' renewed motion to substitute should explain why the claims that are in issue make such a substitution appropriate, including whether substitution is proper if the same federal Defendants are sued under FTCA and for other reasons.

Based on the foregoing, ECF No. 19 is DENIED without prejudice; ECF No. 21 is GRANTED in extending Defendants' time to respond to the Amended Complaint to March 26, 2022, and DENIED without prejudice with respect to substitution of the United States; ECF No. 23 is DENIED; and ECF No. 24 is GRANTED, except with respect to relevancy, which is DENIED without prejudice.

BY ORDER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 24, 2022